IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 13-cv-0491-WJM-CBS

ANTOINE BRUCE,

    Plaintiff,

v.

C. WILSON,
A. OSAGIE,
F. CORDOVA, and
Y. FETTERHOFF,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

Before the Court is Plaintiff Antoine Bruce's Motion for Relief from a Final Judgment or Order Under Federal Rule of Civil Procedure 60(b) ("Motion"). (ECF No. 55.) For the reasons explained below, the motion is denied.

Bruce and a co-plaintiff, Jeremy Pinson, filed this lawsuit *pro se* in February 2013, alleging that they both had received unconstitutionally inadequate medical care while incarcerated at USP Florence. (ECF No. 1.) Pinson's case was severed (ECF No. 10) and Bruce then filed an amended complaint (ECF No. 18). Defendants moved to dismiss (ECF No. 39), but Bruce never responded to that motion. He instead filed a motion for appointment of counsel and a motion for a preliminary injunction, both of which were denied. (*See* ECF Nos. 48, 49, 51, 52.) In October 2013, United States Magistrate Judge Craig B. Shaffer issued a Report and Recommendation ("Recommendation") recommending that the Court grant Defendants' motion to dismiss

without prejudice for failure to state a claim. (ECF No. 52.) Bruce filed no objection to the Recommendation; this Court adopted it and entered final judgment in November 2013. (ECF Nos. 53–54.)

In June 2015, Bruce filed his current Motion. Understanding the Motion requires understanding the "three strikes rule" embodied in the Prison Litigation Reform Act ("PLRA"), codified at various locations in Titles 28 and 42 of the United States Code. Under one provision of the PLRA, no prisoner may be granted *in forma pauperis* status in a newly filed action

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). At the time this lawsuit was filed, Bruce's co-plaintiff, Pinson, apparently already had more than three strikes against him.[1] Bruce claims in his Motion that Pinson took advantage of Bruce's mental illness to file this lawsuit without Bruce's consent or understanding, apparently in hopes of avoiding the three strikes rule. (ECF No. 55 at 1–4.) The problem, says Bruce, is that *he* now has three strikes against him based on the disposition of this lawsuit (*i.e.*, dismissal for failure to state a claim) and two other suits he has filed. (*Id.* at 7.) Given that he allegedly never wanted to be a part of this lawsuit in the first place, Bruce asks the Court to "relieve [him] from the final Judgement, or order of dismissal in this action in which [he] incurred a strike." (*Id.* at

---

[1] This Court's CM/ECF system shows that Pinson has filed dozens of cases in the District of Colorado. A Westlaw search reveals that he has also filed lawsuits in at least twelve other federal districts.

13.)

Bruce invokes Rule 60(b), which permits the Court to vacate the judgment on grounds of

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

The Court finds that this unique situation conceivably fits within Rule 60(b)(6). *See also Klapprott v. United States*, 335 U.S. 601, 614–15 (1949) ("the language of the 'other reason' clause . . . vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice"). Nonetheless, the record is not sufficient to justify relief.

Even after Pinson was dismissed from the suit, Bruce filed an amended complaint, a motion for appointment of counsel, and a motion for a preliminary injunction. That is not the behavior of an individual who does not want to pursue a lawsuit. In his Reply, Bruce states that he was essentially forced to continue litigating, but his explanation is not persuasive. Bruce says that he learned fairly quickly that Pinson had initiated a lawsuit without his consent, but he lacked the legal knowledge at

that time to move for a voluntary dismissal. (ECF No. 58 at 5.) He further claims that he could not inform the Court of his lack of consent because he would have been labeled "a snitch" by fellow prisoners and thereby "risk being seriously physically injured and harmed by other prisoners." (*Id.*) He therefore asked other prisoners to assist him in amending the complaint, because he feared that failing to do so would itself constitute a strike under the PLRA. (*Id.* at 5–6.)

If this was Bruce's motivation, he fails to explain why he *also* moved for a preliminary injunction, moved for appointment of counsel, and failed to respond to Defendants' motion to dismiss. In addition, he fails to explain why he is willing to be seen as a "snitch" now, even though he was not willing to do so earlier.[2]

Finally, the Court could locate no precedent for the relief Bruce seeks. He effectively wants the Court to treat this lawsuit as if it never happened, solely to avoid a PLRA strike. Procedurally, this might be possible: the Court could vacate the judgment and then additionally construe the Motion as a request for voluntary dismissal under Rule 41. But the Court is frankly concerned that establishing such precedent would create an end-run around the PLRA and thereby open yet another path for prisoners to file intensely resource-consuming motions—claiming, for example, that they did not understand the potential PLRA consequences of filing a suit, and should therefore be relieved of those consequences.

For all of these reasons, Bruce's Motion for Relief from a Final Judgment or Order Under Federal Rule of Civil Procedure 60(b) (ECF No. 55) is DENIED.

---

[2] The Federal Bureau of Prisons inmate locator service reports that Pinson remains at USP Florence.

Dated this 29th day of January, 2016.

BY THE COURT:

_____
William J. Martinez
United States District Judge