**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0491-WJM-CBS

ANTOINE BRUCE,

    Plaintiff,

v.

C. WILSON,
A. OSAGIE,
F. CORDOVA, and
Y. FETTERHOFF,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER TO THIS COURT'S
JANUARY 29, 2016 ORDER**

---

    Before the Court is Plaintiff Antoine Bruce's Objection to the Court's Order Denying Plaintiff's Motion for Relief from Judgment in Conjunction with Plaintiff's Motion for Reconsideration ("Motion to Reconsider"). (ECF No. 60.) The denial to which Bruce objects was this Court's denial of his Rule 60(b) Motion. (*See* ECF Nos. 55, 59.)

    A party seeking relief under Rule 60(b) must demonstrate exceptional circumstances because such a motion "is not a substitute for an appeal." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990); *see also Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1153 (10th Cir. 2007); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006). In this light, a motion to *reconsider* denial of a Rule 60(b) motion must demonstrate particularly egregious error. Moreover, motions for reconsideration generally are not a vehicle to

rehash old arguments or present new arguments that could have been presented earlier.  See *Kerber v. Qwest Group Life Ins. Plan*, 727 F. Supp. 2d 1076, 1076 (D. Colo. 2010); *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000).

Bruce's Motion to Reconsider largely rehashes or elaborates on arguments previously made.  To the extent it offers new arguments, these arguments could have been presented earlier, and none of them would have altered the outcome in any event.

Bruce's Motion for Reconsideration (ECF No. 60) is therefore DENIED.

Dated this 8th day of February, 2016.

BY THE COURT:

_____
William J. Martinez
United States District Judge